# BENDIT WEINSTOCK
### William L. Gold, Esq. (WG-4873)
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
80 MAIN STREET, Suite 260
WEST ORANGE, N.J. 07052
(973) 736-9800
Attorneys for Plaintiffs
Our File #43102-WLG

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| WILLIAM JOYNER and LORI JOYNER, his wife | : | |
| Plaintiffs, | : | Civil Action No. |
| -vs- | : | |
| THE UNITED STATES OF AMERICA, DEPARTMENT OF VETERANS AFFAIRS - NEW JERSEY HEALTH CARE SYSTEM, THE DEPARTMENT OF VETERANS AFFAIRS, PHILLIP BAHRAMIPOUR, M.D., JOHN AND JANE DOES 1-20 (said names being fictitious, true names presently unknown) and XYZ COMPANIES 1-20 (said names being fictitious, true names presently unknown), | : | MEDICAL MALPRACTICE COMPLAINT<br><br>(JURY TRIAL DEMANDED) |
| Defendants. | : | |

Plaintiffs, William Joyner and Lori Joyner, residing in Piscataway, Middlesex County, New Jersey represented by the undersigned counsel, respectfully allege:

I.   JURISDICTION AND VENUE

1.1   This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq.

1.2   This Court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b).

1.3   Plaintiffs duly presented in writing to the appropriate federal agency (the United States Department of Veterans Affairs) all their claims against the United States of America within two years after such claims accrued.

II.   THE PLAINTIFFS

2.1   Plaintiffs, William Joyner and Lori Joyner, reside in Piscataway, Middlesex County, New Jersey, within the District of New Jersey.  The acts and omissions of defendants occurred within the District of New Jersey.

2.2   The injured party, William Joyner, was a member of the United States Air Force.  As a military retiree, plaintiff was eligible for and received hospital and medical care at the Veterans Administration Hospital, located at 385 Tremont Avenue, East Orange, Essex County, New Jersey, which facility was operated and maintained by defendants, United States of America, and the Department of Veterans Affairs.

III.   THE DEFENDANTS

3.1   The individual defendants, Phillip Bahramipour, M.D. and John and Jane Does, are medical doctors, physicians, nurses and/or other medical providers who were employees and/or were acting as

2

employees and/or agents of the Veterans Administration and who participated in the medical care provided to plaintiff, William Joyner, during all times relevant herein.

## IV.   THE OCCURRENCE

### FIRST COUNT

4.1   At all relevant times, including, but not limited to May 3, 2013, the plaintiff, William Joyner, was a patient of the defendants, The United States of America, Department of Veterans Affairs - New Jersey Health Care System, The Department of Veterans Affairs, Phillip Bahramipour, M.D., John and Jane Does 1-20 (said names being fictitious, true names presently unknown) and XYZ Companies 1-20 (said names being fictitious, true names presently unknown).

4.2   The defendants, The United States of America, Department of Veterans Affairs - New Jersey Health Care System, The Department of Veterans Affairs, Phillip Bahramipour, M.D., John and Jane Does 1-20 (said names being fictitious, true names presently unknown) and XYZ Companies 1-20 (said names being fictitious, true names presently unknown), had a duty to exercise the degree of care and skill in the treatment of the plaintiff, which was in accordance with the generally accepted medical standards of care and skill utilized by physicians, nurses and other medical personnel in examining, diagnosing and treating persons such as the plaintiff, William Joyner.

4.3     The defendants, The United States of America, Department of Veterans Affairs - New Jersey Health Care System, The Department of Veterans Affairs, Phillip Bahramipour, M.D., John and Jane Does 1-20 (said names being fictitious, true names presently unknown) and XYZ Companies 1-20 (said names being fictitious, true names presently unknown), negligently and carelessly failed to exercise the degree of care and skill required of them in their treatment of the plaintiff, including, but not limited to the following deviations from generally accepted standards.

(a) The defendants failed to properly diagnose his illness and condition.

(b) The defendants failed to refer him to medical personnel with proper skill and training to treat his medical problem.

(c) The defendants negligently performed physical examinations on him.

(d) The defendants negligently failed to provide appropriate medical treatment to the plaintiff, William Joyner, and negligently treated him.

(e) The defendants failed to obtain proper and informed consent for the treatment rendered to him.

(f) The defendants' negligently removed medical devices from plaintiff, including, but not limited to a mediport.

(g) The defendants were otherwise negligent and careless and otherwise deviated from generally accepted medical standards in the treatment of him.

4.4  As a proximate result of the negligence of the defendants, The United States of America, Department of Veterans Affairs - New Jersey Health Care System, The Department of Veterans Affairs, Phillip Bahramipour, M.D., John and Jane Does 1-20 (said names being fictitious, true names presently unknown) and XYZ Companies 1-20 (said names being fictitious, true names presently unknown), the plaintiff, William Joyner, was caused severe injuries, causing him great pain and suffering, causing him to seek further medical treatment and incur further medical bills, and disabling him from his normal activities, and the plaintiff, William Joyner, will in the future be caused great pain and suffering, be caused to seek medical treatment and incur medical bills, and be disabled from his normal activities and employment.

WHEREFORE, plaintiffs demand entry of judgment against the defendants, The United States of America, Department of Veterans Affairs - New Jersey Health Care System, The Department of Veterans Affairs, Phillip Bahramipour, M.D., John and Jane Does 1-20 (said names being fictitious, true names presently unknown) and XYZ Companies 1-20 (said names being fictitious, true names presently unknown), for damages, interest, attorney's fees and costs of suit.

### SECOND COUNT

4.5  Plaintiffs repeat and replead each and every allegation contained in the First Count of the Complaint as if same were set forth at length herein.

4.6.  At all relevant times, the plaintiff, William Joyner, was and is married to the plaintiff, Lori Joyner.

5

4.7 As a result of the negligence of the defendants, The United States of America, Department of Veterans Affairs - New Jersey Health Care System, The Department of Veterans Affairs, Phillip Bahramipour, M.D., John and Jane Does 1-20 (said names being fictitious, true names presently unknown) and XYZ Companies 1-20 (said names being fictitious, true names presently unknown) the plaintiff, Lori Joyner, has been deprived of the advice, comfort and services generally rendered by William Joyner.

WHEREFORE, plaintiffs demand entry of judgment against the defendants, The United States of America, Department of Veterans Affairs - New Jersey Health Care System, The Department of Veterans Affairs, Phillip Bahramipour, M.D., John and Jane Does 1-20 (said names being fictitious, true names presently unknown) and XYZ Companies 1-20 (said names being fictitious, true names presently unknown), for damages, interest, attorney's fees and costs of suit.

    Bendit Weinstock, P.A.
    William L. Gold (WG-4873)
    80 Main Street, Suite 260
    West Orange, NJ 07052
    Tel. 973-736-9800
    Fax 973-325-3115
    Email:wgold@benditweinstock.com


    /s/ William L. Gold
    WILLIAM L. GOLD

Dated: April 15, 2015